UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUSAN GRUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00096-TWP-MJD |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTION, INDIANA WOMEN'S PRISON, CORIZON, JULIE MURPHY, DAVID HINCHMAN Dr., et al., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Susan Grund, an inmate at the Indiana Women's Prison, brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants have been deliberately indifferent to her serious medical need for treatment of her breast implants which are causing her severe pain.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. ' 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a

less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on the foregoing screening, certain claims will be dismissed while others will proceed.

Any claim against the Indiana Department of Corrections or the Indiana Women's Prison must be **dismissed** because the Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). Moreover, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. ' 1983 under the circumstances alleged in Burchett=s complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

The plaintiff's claims against Julie Murphy, David Hinchman, and Corizon, **shall proceed** as claims that these defendants exhibited deliberate indifference to her serious medical needs.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Murphy, Hinchman, and Corizon in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 4/5/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SUSAN GRUND
941457
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214

Julie Murphy
Daivd Hinchman
Corizon

        All At:
        Indiana Women's Prison
        2596 Girl's School Road
        Indianapolis, IN 46214